# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **ROY ETHRIDGE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  CIVIL NO. 5:06-CV-2022-VEH |
| | ) |
| | ) |
| **THE HOME DEPOT, U.S.A., INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's Motion to Remand (doc. 8). For the reasons hereinafter stated, the Motion is due to be granted.

Plaintiff initiated this action in the Circuit Court of Jefferson County, Alabama, on August 30, 2006. On October 6, 2006, Defendant removed to the United States District Court for the Northern District of Alabama asserting diversity jurisdiction pursuant to 28 U.S.C.A. § 1332.  Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000. *See* U.S.C. § 1332 (a).  The original Complaint is silent as to a specific amount of damages being sought, however the Complaint does specify that Plaintiff seeks compensatory and/or punitive

1

damages. Subsequent to Defendant's filing for removal pursuant to 28 U.S.C.A. § 1332, Plaintiff filed motion to remand the case to the Circuit Court of Jefferson County, Alabama, on October 26, 2006. In his motion, Plaintiff attempts to withdraw, and thus strike from the original Complaint, his claim for punitive damages. This withdrawal is made in an attempt to destroy Defendant's premise for removal, which lies primarily on Plaintiff's claim for punitive damages. The first issue before the Court is the propriety of allowing an amendment to Plaintiff's Complaint which was sought after the Defendant filed a responsive pleading to the un-modified complaint, and which would seemingly destroy Defendant's premise for removal pursuant to diversity jurisdiction by preventing the amount in controversy requirement from being met.

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Fed. R. Civ. P.* 15(a). Plaintiff, when seeking to amend the Complaint in such a way as to withdraw the claim for punitive damages, received neither leave of court nor Defendant's consent to do so.

Moreover, Eleventh Circuit case law, as well as other non-binding case law, clearly indicates that if a district court has subject matter jurisdiction over a diversity

action at the time of removal, subsequent acts do not divest the court of its jurisdiction over the action. *See, e.g., Thornton v. Waffle House, Inc.*, Case No. 2:06-cv-446-MEF 2006 WL 2631350, *2 (stating that a plaintiff may not reduce his claim after removal to defeat diversity jurisdiction); *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir.2000) (stating that "the jurisdictional facts that support removal must be judged at the time of the removal"); *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002) (stating that if a district court has subject matter jurisdiction over a diversity action at the time of removal, subsequent acts do not divest the court of its jurisdiction over the action); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (noting that "for purposes of this challenge to the subject matter jurisdiction of the district court, the critical time is the date of removal ... [i]f jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction"); *Poore v. Am.-Amicable Life Ins. Co. Of Texas*, 218 F.3d 1287, 1292 (11th Cir. 2000) (holding that even though the plaintiffs amended their complaint to reduce the amount in controversy, the district court still retained diversity jurisdiction over the action and "committed reversible error by remanding based on Appellees' post-removal amended complaint"); *Brown v. East. States Corp.*, 181 F.2d 26, 27 (4th Cir. 1950) (holding that "the fact that plaintiff subsequently amended his complaint in an attempt

to eliminate the federal question did not make remand proper" after the case was properly removed to federal court).

Having determined that Plaintiff's amendment to the Complaint is impermissible in accordance with federal procedural rules and binding case precedent, the next issue before this Court is whether, notwithstanding Plaintiff's inability to destroy subject matter jurisdiction, federal jurisdiction is otherwise improper.

To establish that removal is proper, thus implying the propriety of jurisdiction, a removing defendant may rely upon the factual representations of the plaintiff. *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1208, 1314-15 ((11th Cir. 2002). However, when the jurisdictional amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319-20; *See also, Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1097 (11th Cir. 1994). The Court can look to facts submitted by defendant post-removal to see if the jurisdictional amount is satisfied as of the date of removal.

*Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir.2000); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

Plaintiff's complaint did not specify an amount of damages sought other than compensatory and punitive damages that would appropriately remedy her injury, as well as any other "further and different relief to which the Plaintiff is entitled." (*See* Pl. Comp. p.3). When a plaintiff seeks an unspecified amount, the defendant must show through a preponderance of the evidence, "that the amount in controversy more likely than not exceeds the jurisdictional limitation." *Fowler v. Provident Life & Accident Ins. Co.*, 256 F.Supp.2d 1243, 1249 (N.D. Ala. 2003) (citing *Tapscott v. M.S. Dealer Service Corp.*, 77 F.3d 1353m, 1357 (11th Cir. 1996). Thus, the issue is whether defendant has shown that it is more likely than not that the amount in controversy exceeded $75,000, exclusive of interest and costs.

By an Order dated October 11, 2006, the court determined, *sua sponte*, that Defendant had not, by a preponderance of the evidence, demonstrated that the amount in controversy requirement of 28 U.S.C.A. § 1332 is satisfied in its removal action, and Defendant was ordered, within 11 days from the date of the Order, to show cause as to why this case should not be remanded to state court due to this court's lack of subject matter jurisdiction over this action. The Defendant responded on October 19, 2006. The Plaintiff then filed the instant Motion to Remand.

As the party seeking federal jurisdiction, the burden is on the Defendant to establish diversity jurisdiction as of the date of removal. *Sammie Bonner Constr. Co. V. Western Star Truck Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003); *Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319 (11th Cir. 2001). In its response to the court's order to show cause, the Defendant contends that Plaintiff's alleged injuries and damages with claims for lost income and loss of employment, coupled with a claim for wantonness and punitive damages, shows that the amount in controversy more likely than not exceeds the jurisdictional requirement of this court.

When determining the jurisdictional amount in controversy, punitive damages must be considered by the court, unless is it "apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. V. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). However, this allegation must be substantiated, and bare allegation is insufficient. *See*, *Sharritt v. Liberty Mut. Ins. Co.*, 2005 WL 1505994 (S.D. Ala. 2005). Courts have allowed defendants to provide affidavits showing the possible recovery amount of punitive damages or evidence of similar cases where a specific amount of punitive damages was recovered. *Hitch v. Laws*, 2000 WL 1005888 (S.D. Ala. 2000). While the Defendant offers evidence of cases where punitive damages have been awarded, these cases are attenuated either temporally and/or factually. The Defendant points to several cases in which the fact patterns are

readily distinguishable from the case in issue. For example, in the premise liability case of *K-Mart v. Peak*, 757 So. 2d 1138 (Ala. 1999), the Plaintiff suffered hip trauma and injury after a bout with a faulty automatic door. In the present case, the Plaintiff suffered a knee injury pursuant to a fall caused by floor debris. The Defendant also points to other cases, all of which are readily distinguishable upon their facts in that they do not pertain to a slip-and-fall situation, and the Plaintiff's injury in each case is neither like nor similar to the injury in the case at issue. The Defendant does cite one relevant slip-and-fall case; however, the case cited was decided in 1981, which is too temporally attenuated to remain persuasive in this particular circumstance. The Court is unwilling to infer that an award of punitive damages in 1981 bears substantial similarity to the potential for an award of punitive damages in 2006.

Moreover, this court has yet to find persuasive case law where a court has inferred that the defendant has satisfied the amount in controversy requirement for removal purposes based merely on the citation of case law, notwithstanding the similarity. This court did examine cases where the Defendant satisfied the amount in controversy requirement through post-removal evidence; however, in these cases the Defendants presented affidavits or numerical evidence as to the amount in controversy. *See*, *e.g., Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945 (11th Cir. 2000). In the present case, the Defendant has presented no such information,

7

whether affidavits or otherwise, from which the court could make an inference as to the amount in controversy. For this reason, and because "federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand," (*Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)), this Court finds that the Defendant has failed to meet its preponderance of the evidence burden regarding the propriety of removal. Therefore, this Court lacks subject matter jurisdiction to hear this case.

A separate Order will be entered consistent with this memorandum opinion.

**DONE** this 13th day of November, 2006.

                                                                 _____
                                                                 **VIRGINIA EMERSON HOPKINS**
                                                                 United States District Judge